## Joseph Hough *versus* David Loring.

A draft, dated April 3d, 1834, was drawn in New York on the defendant, who re-
sided in this State, and sent here to be collected; and the defendant being then in
New York, the payee produced to him a discharge from such draft and requested
him to pay it ; but the defendant replied, that " he would rather pay it in the reg-
ular way, when presented," that " he would pay to any person who should present
it." The draft was afterwards sent back to New York, and the payee enclosed it
in a letter, dated April 15th, 1834, to the defendant, in Boston, and requested him
to send the amount thereof in money by mail ; but the defendant, although repeat-
edly written to on the subject, made no reply. On May 26th, 1834, the defendant
wrote to a third person in New York, acknowledging the receipt of the draft, and
stating that it would be disposed of some way or other when he should be there.
It was *held,* that a jury would be warranted in finding that the defendant had
waived the condition originally made in regard to a personal presentment, and had,
by implication, bound himself as an absolute acceptor of the draft.

Assumpsit on an order or draft for the sum of $50, dated
New York, April 3d, 1834, drawn by Eliza Woolcutt on the
defendant, in favor of the plaintiff.

At the trial in the Court of Common Pleas, before *Strong* J.,
it was proved by the deposition of W. W. Morse, that the
draft was sent to Boston to be collected, while the defend-
ant was absent on a journey to New York ; that the witness,
who said he was the agent of the plaintiff, informed the defend-
ant in New York, that the draft had been made and sent to
Massachusetts, and produced to the defendant a discharge from
the draft and requested him to pay it; that the defendant
looked at the discharge, and replied, that " he would rather
pay it in the regular way, when presented," and that, " he
would meet it at the Concord Bank, or pay to any per-
son who should present it ; " that the defendant returned
home, and soon afterwards the draft was sent back from Mas-
sachusetts ; that the plaintiff then gave the draft to the witness
with his name indorsed thereon, and requested him to inclose
it to the defendant and to ask him to send a fifty dollar bill by
mail ; that the witness did so, by a letter dated April 15th,
1834, but received no answer; and that he afterwards wrote
to the defendant again and again on the subject, without re-
ceiving any reply.

By the deposition of Henry Hutchinson it appeared, that
the deponent received at New York a letter from the defend-

ant, dated May 26th, 1834, in which was the following clause : "I received an order from Mr. Morse, drawn by Eliza for fifty dollars, which will be disposed of some way or other when I am there."

The judge ruled, that this evidence proved a conditional acceptance of the order by the defendant, but that it did not appear from the evidence that the condition had been complied with by the plaintiff; and he instructed the jury, that if they believed the witnesses, they must find for the defendant.

The jury returned a verdict for the defendant.

The plaintiff excepted to the instruction, that it did not appear from the testimony that the condition on which the order was accepted, had been complied with.

*Smith,* for the plaintiff, as to the question of due presentment for payment, cited *Frampton* v. *Coulson,* 1 Wils. 33 ; Chitty on Bills, (6th Eng. ed.) 249, 361 ; *Rowe* v. *Young,* 2 Brod. & Bingh. 165 ; *Haxtun* v. *Bishop,* 3 Wendell, 13 ; *Ruggles* v. *Patten,* 8 Mass. R. 480 ; *United States Bank* v. *Smith,* 11 Wheaton, 171 ; *Foden* v. *Sharp,* 4 Johns. R. 183 ; *Wolcott* v. *Van Santvoord,* 17 Johns. R. 248 ; *Wild* v. *Rennards,* 1 Campb. 425, note ; and to the point, that a parol acceptance is valid, *Grant* v. *Shaw,* 16 Mass. R. 341.

*Keyes,* for the defendant, to the point, that if the holder of a bill takes a conditional and limited acceptance, he must comply with the condition, cited 3 Kent's Comm. 54 ; *Campbell* v. *Pettingill,* 7 Greenleaf, 126 ; *Parker* v. *Good,* 7 East, 385 ; *Gammon* v. *Schmoll,* 5 Taunt. 344.

PUTNAM J. delivered the opinion of the Court. Taking it to be true that this was originally a conditional acceptance, and that the condition was not performed, yet there are other facts proved in the case, upon which the jury might have found a verdict for the plaintiff. If the condition were waived and an absolute acceptance were made after the conditional one, it is very clear that the subsequent absolute acceptance should bind the defendant to pay the bill.

The defendant originally refused to accept a discharge of the bill, which was executed by the plaintiff; but said " he would rather pay it in the regular way when presented," and that " he would meet it at the Concord Bank, or pay to any

Hough
*v.*
Loring.

Jan. 19th,
1837, *at*
*Boston.*

Jan. 21st,
1837, *at*
*Boston.*

person who should present it." He did not mean to trust to the discharge which was produced ; but he meant to take up the draft, to have the draft in his own possession, before he paid it.

Well, the plaintiff afterwards sent the draft, indorsed by him, on the 15th of April, 1834, in a letter addressed to the defendant, which the defendant received. Upon the receipt of that letter and draft, the defendant might have insisted, if he had pleased, upon the performance of the strict terms of the condition, viz : that some person should come and present it and give it up, upon payment ; or he might consider the sending the draft with a blank indorsement, as a presentation ; and having the draft itself so indorsed, he might intend to accept and pay it. If he intended to insist upon the original terms, he was bound to answer the letter of the 15th of April, in a reasonable time, to the end that the plaintiff, the holder of the bill, might take his further remedy, by complying literally with the condition originally proposed. He was requested to send the fifty dollar bill by the mail, in payment. He might have answered, that he would do no such thing, but that if the holder would authorize any person to come to him and receive the money, he would pay it, and in the mean time hold the draft, for the use of the holder. But he did not take such a course. On the contrary, he kept the bill, and the money also, and refused to answer the repeated letters of the agent of the plaintiff upon the subject. He has retained the draft and the money ever since. But on the 26th of May, 1834, he acknowledged by his letter that he had received the order drawn by Eliza, (the drawer,) for $ 50, " which will be disposed of some way or other when I am there." Now he makes no objection as to the want of a due and regular presentation or acceptance of the draft ; but, on the contrary, agrees to make *some disposition*, which may fairly mean, to pay the same when he should be at New York. Now if there was a waiver of the original condition, and such consent afterwards as amounted to a presentation and acceptance, it renders the acceptor liable ; and it is not for him afterwards to postpone the payment, or make any terms when and where he will pay. He became liable to pay as upon an absolute

<div style="float:right">Hough<br>*v.*<br>Loring.</div>

acceptance. Thus, in Chitty on Bills, (Story's ed. 147,) it is stated, that an acceptance may be implied as well as express. It may be implied and inferred from the drawee's keeping the bill a great length of time, or by any other act which gives credit to the bill, and induces the holder not to protest it and induces him to consider it as accepted. *Clavey* v. *Dolbin*, Cas. temp. Hardw. 278 ; *Harvey* v. *Martin*, 1 Campb. 425.

Now here the holder had no reason to suppose, that the bill was not accepted, as it was retained by the defendant in the manner stated. We all think, that the facts, whether the defendant waived the condition originally made, and whether he did not so conduct himself afterwards, as should by implication bind him as an absolute acceptor of the draft, were proper to be left to the jury. The jury might well infer an absolute acceptance, from the facts disclosed in this report, if not contradicted or explained by other evidence. If there were such an implied acceptance, it could not be recalled. *Thornton* v. *Dick*, 4 Esp. R. 272.

We are all of opinion, that the verdict should be set aside and a new trial be had at the bar of this Court.